```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

```
UNITED STATES OF AMERICA        *

        v.                      *    Case No. ABA-25-0143
                                           ABA-25-0144
PATRICK BRITTON-HARR             *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

## MOTION TO MODIFY CONDITIONS OF RELEASE

Now comes the Defendant, Patrick Britton-Harr, by his attorney, Law Offices of Gerald C. Ruter, P.C. and requests this Honorable Court to hold a hearing on this motion and enter an Order that modifies the current conditions of release and for reasons states as follows:

1. Mr. Britton-Harr faces charges of conspiracy to commit wire fraud and health care fraud in two indictments.

2. Mr. Britton-Harr made his initial court appearance on June 13, 2025, at which time pre-trial advised the Court that electronic monitoring was not necessary and his ability to travel outside Maryland would pose no threat, however he was released by agreement with specific conditions, and is now under the supervision of Pre-trial Services, without permission to travel outside the District of Maryland.

3. Mr. Britton-Harr has been compliant with all conditions of release.

4. He requested by consent of the parties' authorization to depart his residence on December 11, 2025, travel to Dallas, Texas, and return to his home in Maryland later that same evening, unless inclement weather or other unforeseen circumstance necessitated a change in plans. In such an event, he would return to Maryland on December 12, 2025. If he needed to stay overnight in Dallas, he would stay at the Courtyard by Marriott Dallas Addison/Quorum Drive, 15160 Quorum Drive, Addison, Texas 75001.

5. His scheduled flight, which was a commercial flight on a private airplane, left BWI from Baltimore at approximately 10:00 a.m. and arrived at ADS in Dallas at approximately 12:21 p.m. (with refueling in Tennessee). He returned on the same date from Dallas back to Baltimore.

6. The purpose of that trip was to engage in business discussions concerning his business, Aero Vanti, Inc.

7. Mr. Britton-Harr complied in all aspects with the permission requested and granted by the Court.

8. On January 5, 2026, Mr. Britton-Harr requested permission from Pre-Trial Services Officer Erin Thumma to travel to Dallas, Texas, between January 15 to January 17, 2026.

9. Government counsel called counsel about the request for travel on January 8, 2026, and indicated they were unaware the meeting could not be accomplished virtually and asked if Pre-

Trial had agreed to the travel request. I advised them that Mr. Britton-Harr had advised me Pre-Trial did not oppose but needed an itinerary. I advised the government that I would check myself. Counsel wrote Ms. Thumma the same day and received a response of no objection the same day and the government was advised the same day of the no objection response received.

10. On January 12, 2026, counsel sent a full itinerary of Mr. Britton-Harr's travel to government counsel and Pre-Trial and requested their position. Ms. Thumma immediately indicated Pre-Trial had no opposition. Mr. Evans wrote the government believed "that any business meetings should be able to be conducted virtually."

The modifications requested below have not been discussed with Pre-Trial or the government counsel given the fact that the government opposed the second trip outlined above.

### Modifications requested

We urge the Court to modify conditions as follows:

a) removal of electronic monitoring;

b) ordering the return of Mr. Britton-Harr's pilot license;

c) permitting air travel so he can fly to and from Dallas, Texas or other places within the continental United States as necessary, with proper notice to Pre-Trial;

### Argument

The Bail Reform Act requires the court to consider the least restrictive condition or combinations of conditions necessary to assure a defendant's appearance in court or provide safety to others. 18 U.S.C. §3142(b) and (c). The Court is obligated to fashion the least onerous conditions upon release that satisfy the Court of his appearance and the safety of others.

**Mr. Britton-Harr poses no threat of non-appearance.**

Mr. Britton-Harr was aware he was under investigation for alleged health care fraud under the False Claims Act in 2022. He and his counsel were in contact with the Department of Justice, Civil Division, and the United States Attorney's Office from at least 2022 through late last year. The civil complaint was filed against Mr. Britton-Harr on July 18, 2023. He did not flee. He did not miss any scheduled hearings.

When undersigned counsel was appointed on July 24, 2024, to assist Mr. Britton-Harr in contempt litigation and had reason to review the 55-page Complaint, counsel advised Mr. Britton-Harr that he most likely would be indicted for the conduct set forth in the civil complaint. He was indicted nine months later. He did not flee.

Mr. Britton-Harr has strong ties to the community. He lives with his wife and two-month old child in Maryland.

His request for air travel, with notice to Pre-Trial, especially air travel by a private or personal carrier, has more safeguards than riding in a car. Flight plans (place of start of flight, flight path, time, and place of any touchdown) ensure the government may know where Mr. Britton-Harr is at every moment. Because Mr. Britton-Harr is a pilot, if his requests are granted, he would be able to fly himself rather than pay a third party to make the flights for him.

**Mr. Britton-Harr poses no threat to the public**

Mr. Britton-Harr has an ongoing legitimate business that he is attending. Those with whom he is transacting business are aware of the pending indictment and very much wish to do business with Aero Vanti. Mr. Britton-Harr has no control of money generated in his business, that being Aero Vanti. There simply is no reasonable argument that can be made to support a belief that he poses a threat to the public.

**Conclusion**

The requests for removal of electronic monitoring, the return of his pilot's license and permitting Mr. Britton-Harr to travel more freely outside the District of Maryland, with proper notice to his Pre-Trial Officer will still satisfy the goals of pre-trial release, while permitting Mr. Britton-Harr the ability to more efficiently attempt to support and grow his private aviation business which are corporations domiciled outside of

Maryland and has had office locations outside of Maryland since 2021.

**WHEREFORE,** it is prayed the Court hold a hearing on this matter and grant the relief requested.

                        Respectfully Submitted,

                        /S/ Gerald C. Ruter
                        _____
                        Law Offices of Gerald C. Ruter, P.C.
                        9411 Philadelphia Road, Suite O
                        Baltimore, Maryland 21237
                        (410)238-800
                        Ruterlaw@verizon.net

                      **Certificate of Service**

**I HEREBY CERTIFY** that on this 20th day of January 2026, a copy of the foregoing was electronically delivered to all counsel of record and Pre-Trial Services.

                        /S/ Gerald C. Ruter

                        _____
                        Gerald C. Ruter