```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

**UNITED STATES OF AMERICA**        \*

      v.        \*    Case No. ABA-25-0143

**PATRICK BRITTON-HARR**        \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS SEARCH EVIDENCE

Now comes the Defendant, Patrick Britton-Harr, by his attorney, Law Offices of Gerald C. Ruter, P.C. and pursuant to F.R.Cr.P. 12, he respectively moves this Honorable Court to suppress all evidence obtained directly and/or indirectly as a result of the execution of a **search warrant on or about July 12, 2024, at Microsoft Corporation for accounts [rdepol@aerovanti.com](mailto:rdepol@aerovanti.com) and [pbh@aerovanti.com](mailto:pbh@aerovanti.com)** and in support of his Motion says as follows:

    1. Mr. Britton-Harr is charged by indictment with six counts of wire fraud, in violation of 18 U.S.C. 1343.

    2. On or about the date set forth above, S/A Charles Bradford of the U.S. Department of Transportation – Office of Inspector General requested and received permission from this Court to search the above location.

    3. The warrant lacks probable cause.

    4. The warrant fails to establish an adequate nexus between the place to be searched and the probable cause, if any.

5. The warrant fails to establish probable cause to believe that the things sought to be seized will be found in the place to be searched.

6. The warrant is a general warrant.

The warrant sought the "content of all emails associated with the account from October 1, 2021, to April 30, 2023…" at Attachment B, paragraph I.a. See **Exhibit 1**.

AeroVanti was founded in 2021 as the government states in its Affidavit in support of the warrant. Prior to the government's request, it was aware that AeroVanti had retained attorneys to draft nearly all documents significant to this prosecution. As such, the government's firewall outlined at paragraph III of Attachment B renders this warrant a general warrant in that it does not adequately protect the integrity of the attorney/client privilege. The government clearly knew and expected to see extensive email exchanges between AeroVanti personnel, including Mr. Britton-Harr and his counsel. To state it "will make reasonable efforts to use methods and procedures…" to assure any items not subject to seizure, hardly provides a reasonable guarantee that privileged communications will not be intercepted and reviewed. At the least, the government should have placed in Attachment B the names of those attorneys it knew were counsel to AeroVanti and had, in fact, been retained by AeroVanti specifically to guide that company in many, if not

most, of the issues subject to this prosecution. In addition, there exists no specific outline of what "methods and procedures" will be employed in executing the search.

Finally, at Attachment B, paragraph II. (c) the government requested permission to seize and review "Evidence indicating the email account owner's state of mind as it relates to the crime under investigation." This request is as vast as the human mind and invites the government to stray as it will as it searches the recesses of the mind of any person who happened to communicate with the owner of the account. It cannot be reconciled with the concept of "particularity" required of all search warrants. In <u>United States v. Dickerson</u>, 166 F.3d 667, 693 (4th Cir. 1999), the Court upheld the warrant in a bank robbery where the particularity noted stated "Evidence of the crime of bank robbery." The Court noted however, "a warrant authorizing a search for evidence relating to a broad criminal statute or general criminal activity such as wire fraud… is overbroad because it provides no readily available guidelines for executing officers as to what items to seize."

This failure creates a general warrant and cannot be cured other than by excluding all information obtained directly and indirectly from this search.

7. The warrant was executed in such a manner as to have the legal effect of being a general warrant.

See the response at paragraph 6 above.

8. The warrant was so facially deficient of probable cause that the affiant could hold no reasonable belief as to its legality.

**WHEREFORE**, it is prayed this Honorable Court suppress any evidence seized directly or indirectly from the search as being in violation of the Fourth Amendment to the United States Constitution.

Respectfully Submitted,

/s/ Gerald C. Ruter

_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net

**GROUNDS AND AUTHORITIES:**

Illinois v. Gates, 462 U.S. 213 (1983)

Massachusetts v. Upton 466 U.S. 727 (1984)

United States v. Hurwitz, 459 F.3d 463 (4th Cir.2006)

United States v. Grossman, 400 F.3d 212 (4th Cir.2005)

United States v. Leon, 468 U.S. 897 (1984)

Fourth Amendment, United States Constitution

### Request for hearing

A hearing is requested pursuant to Local Rule 105.6.

### Certificate of filing

I HEREBY CERTIFY that a copy of this paper was sent electronically to all counsel of record on this 11th day of February 2026.

                              _____
                              Gerald C. Ruter