IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Crim. No. ABA-25-143 |
| v. | * | |
| | * | |
| PATRICK BRITTON-HARR, | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

**UNITED STATES' RESPONSE TO
DEFENDANTS' NOTICE OF ADVICE OF COUNSEL DEFENSE**

In granting in part the government's motion *in limine* (ECF No. 48 at 10–12; ECF No. 60), the Court ordered Defendant Patrick Britton-Harr to file advance notice of his intent to assert an advice of counsel defense and, upon providing such notice, to "include the minimal *prima facie* evidence to satisfy his burden of production as set forth in [*United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015))], including "(a) full disclosure of all pertinent facts to an attorney, and (b) good faith reliance on the attorney's advice." ECF No. 69 at 5. Said notice, which Defendant filed yesterday with a set of 15 exhibits, (ECF No. 71, *et seq.*), proclaimed Defendant's intent to assert as a defense to the charged offenses that he relied in good faith upon advice provided by AeroVanti's attorney, Steven Leitess ("Leitess") of Silverman Thompson Slutkin White ("Silverman Thompson"). But the Defendant's notice does not come close to establishing the required *prima facie* showing.

First, the Defendant has failed to provide a sufficient evidentiary basis, as his exhibits do not reflect what facts he disclosed to Leitess or what advice he was seeking, and they do not reflect that the Defendant then relied on that advice when taking specific actions. The Defendant also has

not proffered Leitess's potential testimony regarding what was included in the Defendant's full

disclosure of pertinent facts to counsel and his reliance on the same; to the extent the Defendant

would attempt to describe at trial what Leitess said, that testimony would be inadmissible hearsay.

Second, the Defendant does not address Leitess's prior sworn statements which contradict the

assertions the Defendant has made in his notice.  Third, allowing the Defendant to introduce

evidence and argument of an advice of counsel defense at trial based on the inadequate showing

in his notice unnecessarily will lead to extensive discovery and litigation.

Instead of making his required evidentiary showing, the Defendant's notice appears to

claim that he may assert an advice of counsel defense based merely upon conjecture. That is not

sufficient.  Because the Defendant offers no basis for a reliance on counsel defense, and to avoid

protracted briefing and argument on the eve of trial, the government respectfully requests that the

Court rule promptly that the Defendant be excluded from introducing evidence or argument at trial

that he relied in good faith upon the advice of counsel.

I.    ARGUMENT

  A. *The Defendant Should be Barred from Introducing Evidence or Argument of an Advice of Counsel Defense For Failure to Provide a Sufficient Evidentiary Basis.*

The Defendant's notice makes no effort to comply with the applicable legal standard for

asserting an advice of counsel defense.  Notably, he does not proffer Leitess's expected testimony

as to the core elements of the advice of counsel defense. Moreover, not one of the exhibits

accompanying his notice demonstrates that the Defendant disclosed all pertinent facts related to

the fraud scheme alleged in this case.  Nor do the exhibits provide a scintilla of evidence that he

acted upon good faith reliance on Leitess's counsel.

Many of the exhibits accompanying the notice are documents or emails dated *prior* to the

alleged fraud scheme.  *See, e.g.*, ECF Nos. 71-1 (June 2021); 71-2 (July 2021); 71-3 (July 2021);

71-4 (July 2021); 71-12 (July 2021).   These same exhibits only appear to show that Leitess communicated with a bank and the  Defendant regarding the provision of online banking services for AeroVanti and his limited authorization to initiate wire payments.[1]  *Id.*  They do not show the Defendant's "disclosure" of any pertinent facts to Leitess (nor can they since they were sent or created well prior to the charged offenses), nor do they reflect any advice provided by Leitess to the Defendant.

Other exhibits appear to be email communications between Leitess and the escrow agent for the Top Gun unitholders regarding applicable documentation, and examples of such documentation.  *See* ECF Nos. 71-6; 71-8; 71-9; 71-10; 71-11.  These too show no evidence of disclosures made by the Defendant to Leitess of "pertinent facts"; only that Leitess had involvement in communicating with the escrow agent on behalf of AeroVanti and perhaps that he had a role in resolving the escrow agent's questions regarding the applicable documentation to authorize the release of escrow funds.

The few exhibits that purport to show communications between the Defendant and Leitess equally are of no moment.  These communications appear to reflect Leitess asking the Defendant in August 2022 to confirm payments of certain amounts to various individuals and entities (ECF No. 71-13); a December 2022 email thread involving Leitess and the Defendant regarding an AeroVanti sponsorship of the Buccaneers (ECF No. 71-14); and text messages between Leitess and the Defendant in September 2022 in which they discuss various payments, including the planned purchase of a yacht, and Britton-Harr telling Leitess that he is "teeing up Gilchrist for Friday close with Rofe."  (ECF No. 71-15).  None of these exhibits show any disclosure by the

---

[1] Leitess may have been authorized to help initiate wires where "dual approval" was required. However, Exhibit 3 reflects that Leitess did not have access to make account inquiries for AeroVanti or to access mobile banking.

Defendant to Leitess of the fact that he had falsely promised to Top Gun unitholders that he would use their funds to purchase and refurbish a Piaggio aircraft and that he would deliver title to said aircraft to the escrow agent.[2]   Likewise, none of these exhibits show any disclosure by the Defendant to Leitess of how he concealed the fraud scheme and diverted Top Gun unitholders' funds from the escrow account for unauthorized purposes, including for purchasing yachts, jewelry, distributions of $100,000 to his wife's bank account, and to make lease payments on a personal residence, among many other unauthorized payments that the government will prove at trial.

Notably, "'consultation with a lawyer confers no automatic immunity from the legal consequences of conscious fraud.'" *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 381 (4th Cir. 2015) (citation omitted); *United States v. Lugo*, 131 Fed. Appx. 901, 905 (4th Cir. 2005) (mere involvement of an attorney does not justify a reliance on counsel instruction).  Moreover, a defendant is not entitled to an advice of counsel instruction when the defendant obtained the advice of an attorney but that advice did not go to the "essential question" of the prosecution. *United States v. Schmidt*, 935 F.2d 1440, 1449 (4th Cir. 1991) (abrogated on other grounds).

Here, the exhibits accompanying Defendant's Notice fail to show: (a) that Defendant *disclosed* to Leitess that he had promised to Top Gun unitholders that AeroVanti would use the LLC funds to purchase and refurbish specifically designated aircraft but instead used the escrowed funds for unauthorized purposes; and (b) that the Defendant  had promised to Top Gun unitholders

---

[2] The Defendant's text message to Leitess in September 2022 that he was "teeing up Gilchrist for Friday close with Rofe" (ECF no. 71-15) indicates that he was preparing the escrow agent for a planned purchase of N290BC from its owner, Richard Rofe.  The Defendant did not however proceed with the purchase of N290BC until April 2023.  Accordingly, his statement to Leitess may be considered a *misrepresentation* to him rather than an honest disclosure of the pertinent facts.

that AeroVanti would deliver title of the aircraft to the escrow agent as security for their investment of funds, but that the Defendant failed to do so.

The Fourth Circuit repeatedly has affirmed district court decisions which found that a defendant did not offer sufficient evidence to establish a *prima facie* advice-of-counsel defense. *See Westbrooks*, 780 F.3d at 596 (finding no error in the district court's assessment that the advice-of counsel defense did not apply, because defendant produced "little evidence" of "what actually was told to the attorney, in terms of receiving the advice, . . . and no testimony from the attorney, and no indication in previous testimony of the defendant, that she was relying upon the advice of counsel . . . for the reasons for her conduct"); *United States v. Powell,* 680 F.3d 350, 356-57 (4th Cir. 2012) (finding no abuse of discretion in district court's failing to instruct the jury on advice-of-counsel defense where defendant "failed to establish an evidentiary foundation" justifying it, including no showing that defendant disclosed all facts or that he relied in good faith on any legal advice); *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000) (affirming refusal to give advice of counsel defense instruction); *see also United States v. Narang*, No. 19-4850, 2021 WL 3484683, at *8 (4th Cir. 2021) (citing *Westbrooks* in affirming district court's ruling that advice-of-counsel defense did not apply where defendant failed to call attorneys or present other evidence revealing the full extent of disclosures made to outside counsel, thus evidence was "entirely inconsistent with a good-faith reliance on any advice received."); *United States v. Secor*, 73 Fed. Appx. 554, 563 n.2 (4th Cir. 2003) (holding that advice of counsel defense was not permitted because defendant could not show "good faith" reliance on advice regarding false tax returns).  The defendant similarly fails to make a *prima facie*  showing and the Court should exclude the defense.

5

B. *The Defendant Does Not Address Leitess's Prior Sworn Statements Which Appear to Contradict the Defendant's Assertions in his Notice.*

Curiously, the Defendant fails to provide the Court with Leitess's actual sworn statements relevant to this inquiry. In the civil case filed in Montgomery County related to this scheme, Leitess sat for a deposition, which was provided to the Defendant in discovery on or about December 16, 2025. *William R. Morris III, et al., v. Patrick Britton-Harr, et al.,* case No.: C-15-CV-23-002615 (Circuit Court for Montgomery County, Maryland 2025). It is a lengthy deposition, but Leitess provided numerous sworn statements undercutting Defendant's unsupported assertions in his notice about Leitess's alleged knowledge of Britton-Harr's activities. For example, Leitess was asked in the deposition extensively about the aircraft with the tail number N290BC, which was repossessed by its owner (Arcadia Capital Management LLC) in November 2022, months after the Top Gun unitholders transferred $3,000,000 to the escrow account for the purchase and refurbishment of that aircraft. Leitess specifically was asked, "Were you aware that the Top Gun members had already transferred $3 million to AeroVanti for the purchase of that aircraft?" Leitess replied, "I was not tracking performance, so I don't know how much was collected." He was next asked, "Do you know why AeroVanti if it received the 3 million for this aircraft from the Top Gun members did not use those funds to acquire the aircraft from Arcadia?" Leitess responded, "I have no idea how AeroVanti used its money. I was not involved in it." (*See* Transcript of January 15, 2025, Deposition of Steven Leitess in *Morris v. Britton-Harr*, Case No.: C-15-CV-23-002615 229-230).

Leitess's sworn statements directly conflict with the conclusory assertions Defendant makes in his notice. The Defendant's failure to address them underscores that Defendant has not made the required *prima facie* showing.

*C.  Allowing the Defendant to Argue an Advice of Counsel Defense at Trial Based on This Inadequate Showing Unnecessarily Will Lead to Protracted Discovery and Litigation.*

The Defendant's notice presumptively waives the attorney-client privilege regarding communications between the Defendant and Leitess or other attorneys at Silverman Thompson. *See United States v. Dallmann*, 433 F. Supp. 3d 804, 813 (E.D. Va. 2020); *United States v. Moore*, No. 5:21-CR-23, 2024 WL 4993388, at *2 (W.D. Va. Dec. 5, 2024) (defendant's reliance on advice-of-counsel defense "constitutes an implied waiver of his attorney-client privilege with regard to all communications with all of his attorneys concerning the same topic."); ECF No. 71 at 2 n.2 ("When a defendant advances an advice of counsel defense, the attorney/client privilege attendant to this relationship is presumptively severed . . . . Mr. Britton-Harr is aware that the Court may find he has waived his attorney/client privilege.").

If the Court does not exclude evidence of this defense, or allows the Defendant another attempt to meet his burden, then the government will need to review the voluminous materials previously considered to contain potentially privileged attorney-client communications involving Leitess and other attorneys at Silverman Thompson.  This will be a substantial undertaking, particularly so close to trial.  Moreover, the minimal showing presented by the Defendant in his notice demonstrates that it will be unnecessary—the Defendant simply cannot meet the standard for an advice of counsel defense.  Continued discovery and litigation will only serve to unnecessarily occupy the parties' and the Court's time.  The Court should reject the defense.

**CONCLUSION**

Based on the foregoing, the government respectfully requests that the Court bar the Defendant from presenting at trial evidence or argument asserting an advice of counsel defense.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Lorinda I. Laryea
Chief, Fraud Section
United States Department of Justice


___/s/_____
Ari D. Evans
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

Ariel Glasner
Trial Attorney
Department of Justice, Criminal Division
Fraud Section
1400 New York Avenue, N.W.
Washington, D.C., 20005

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 5, 2026, I caused a copy of the foregoing motion to be

filed electronically with the Court and counsel of record using the CM/ECF system.


<u>  */s/*                             </u>
Ari D. Evans
Assistant United States Attorney