**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Crim. No. ABA-25-143** |
| | * | |
| **PATRICK BRITTON-HARR,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**UNITED STATES' SUPPLEMENTAL BRIEFING TO**
**THE COURT ON CROSS-EXAMINATION OF DEFENDANT**
**REGARDING HIS FAILURE TO DEFEND CIVIL LAWSUITS**

The United States of America, by and through undersigned counsel, hereby provides supplemental briefing to the Court regarding cross-examination of the defendant about his failure to defend himself in civil lawsuits filed against him based upon the same factual circumstances at issue in this trial. As set forth below, the government believes impeachment of defendant regarding this failure to defend himself in those civil actions is permissible cross-examination under Federal Rule of Evidence 611(b) ("FRE") and does not run afoul of the balancing test set forth in FRE 403.

## I.    Background

On April 28, 2026, the Court denied defendant's motion to exclude any evidence or mention of the case *William R. Morris, III et al. v. Patrick Britton-Harr*, Case No. C-15-cv-23-002615 (Mont. Co. Cir. Ct.), finding relevant and admissible the government's intended evidence at trial about the lawsuit, specifically that misrepresentations made by defendant that the civil case was dismissed were meant to lull victims of the fraud into believing that the defendant has been exonerated in that matter. *See* ECF. No. 69 at 2.

As the government has previously indicated, it also intends to cross-examine the defendant regarding his failure to defend against these civil lawsuits, including Case No. C-15-cv-23-002615, filed against the defendant based on the same factual circumstances at issue in this criminal prosecution. The government believes that such questions are relevant to defendant's defense in this matter and to his credibility and are therefore admissible.

## II. Cross-Examination of Defendant Regarding his Failure to Defend is Permissible under FRE 611.

Questions about whether the defendant defended the civil actions filed against him are squarely relevant to his defense in this matter, both intrinsically and as to the Defendant's credibility as a witness. *United States v. Leake*, 642 F.2d 715, 718–19 (4th Cir. 1981) (citing FRE 611 and 403 in finding that "the proper factors to be employed in measuring the scope of cross-examination [include] . . . the importance of the testimony to the government's case, the relevance of the conduct to the witness's truthfulness, and the danger of prejudice, confusion, or delay raised by evidence sought to be adduced."). Here, the Defendant was sued in at least three cases by the Top Gun member victims. His failure to respond to the lawsuits is probative of his consciousness of guilt. Just as a defendant's response (or lack of a response) to an accusation raised by a victim in an email or on the phone call would be relevant, so too here where those accusations were made in civil complaints. The evidence is also highly probative as to the Defendant's credibility as a witness. The jury has a right to know that the Defendant has never advanced any defense against lawsuits based on substantially the same facts. That fact would be relevant to a jury as it weighs whether the Defendant is providing a concocted after-the-fact explanation or a genuine defense that he lacked the intent to defraud.

"[A] defendant who chooses to testify on his own behalf subjects himself to legitimate and pertinent cross-examination to test his veracity and credibility." *United States v. Guay*, 108

F.3d 545, 552 (4th Cir. 1997).  Indeed, once a defendant "elects to make himself a witness he may be cross-examined as such." *Simon v. United States*, 123 F.2d 80, 85–86 (4th Cir. 1941) ("If the defendant takes the witness stand . . .  [h]e steps out of his character as a defendant, for the moment, and takes on the role of a witness, and as such becomes subject to cross-examination in the same manner and to the same extent as any other witness.") (cleaned up).

Cross-examination of the defendant regarding his failure to defend against civil actions filed against him based on the same factual circumstances at issue in this criminal trial would be both a legitimate and pertinent use of cross-examination. *Guay*, 108 F.3d at 552.  Indeed, under FRE 611, cross-examination of a witness that is related to matters affecting the witness's credibility is appropriate.  FRE 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.").  By taking the stand, the defendant's credibility becomes subject to attack on cross, because the credibility of a witness testifying at trial is always open to cross-examination.  *See* FRE 608(b)("[T]he court may, on cross-examination, allow [witnesses] to be inquired into if they are probative of the character for truthfulness or untruthfulness"); *United States v. Dadaille,* 373 F. App'x 380, 383 (4th Cir. 2010) (quoting *United States v. Zandi,* 769 F.2d 229, 236 (4th Cir. 1985) (in affirming, finding scope of government's cross-examination of defendant proper).

Moreover, the evidence is not excludable under FRE 403's balancing test, which only requires the exclusion of relevant evidence "if its probative value is substantially outweighed" by any combination of the concerns enumerated in FRE 403.  When it comes to assessing prejudice, the Fourth Circuit has explained that "[t]he mere fact that the evidence will damage the defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the unfair

3

prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (cleaned up) (emphasis in original); *see also United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (characterizing Rule 403 as setting a "high bar" for exclusion). "[U]nfair prejudice is not shown merely because the evidence is damaging to a defendant's case, since highly probative evidence invariably will be prejudicial to the defense." *United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018) (cleaned up). Instead, a district court "will find undue prejudice only if there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Jones*, 678 F. Supp. 3d 649, 654 (D. Md. 2023) (cleaned up).

Here, the probative value of the government's proffered evidence is not "substantially outweighed by the danger of unfair prejudice" so as to require exclusion in this case. The evidence at issue, which is directly relevant to his defense and his credibility, will not invite the jury to irrational behavior, nor be so unfairly prejudicial as to meet the high bar of Rule 403. Instead, the questions are straightforward. To the extent, as defense counsel alluded to the Court, that the reason defendant made no defense due to a lack of funds, then the defendant can simply respond as such. It will then be up to the jury to assess the credibility of such testimony. Moreover, this will not be the first reference to lawsuits in this case. It is the government's recollection that at least three witnesses—Richard Rofe, Joeseph Maruca, and Ronald Grubb—referenced suing the Defendant.

Questions regarding lawsuits filed against the Defendant are highly unlikely to cause confusion or prejudice in the jury and should not be excluded, as they do not meet the high bar necessary for exclusion. *See, e.g., Miller*, 61 F.4th at 428–29 (overturning district court's

4

exclusion under Rule 403 of evidence relating to defendant's relationship with minor victim, because evidence was highly probative but presented minimal risk of unfair prejudice). Moreover, to the extent the Court is concerned about references to "default judgment" orders, the Government can avoid using that phrase, and simply question the Defendant as to the fact that he was sued and whether or not he responded to those lawsuits. Questions along those lines would substantially eliminate any possible prejudice, as the jury will not be exposed to the concept of a "default judgment" order.

For these reasons, the evidence here is not barred by Rule 403.

## III.    Conclusion

The government respectfully requests that it be allowed to cross-examine the defendant regarding the above-described area of inquiry at trial.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Lorinda I. Laryea
Chief, Fraud Section
United States Department of Justice


_____/s/_____
Ari D. Evans
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

Ariel Glasner
Trial Attorney
Department of Justice, Criminal Division
Fraud Section
1400 New York Avenue, N.W.
Washington, D.C., 20005

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 27, 2026, I caused a copy of the foregoing motion to

be filed electronically with the Court and counsel of record using the CM/ECF system.


_/s/_____

Ari D. Evans
Assistant United States Attorney